AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**United States of America**

**v.**                                    Case No. 24-MJ- 4071

**MICKAEL CARLOS-JONATHAN GRANT,**

*Defendant.*

## CRIMINAL COMPLAINT

I, <u>JOSEPH BRIGANTI</u>, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 12, 2024, in the County of Monroe, in the Western District of New York, the defendant violated an offense as follows:

possessed a controlled substance with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and knowingly possessed firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section, 924(c)(1).

This Criminal Complaint is based on these facts:

SEE ATTACHED AFFIDAVIT OF INVESTIGATOR JOSEPH BRIGANTI.

☒ Continued on the attached sheet.

<u>*Complainant's signature*</u>

JOSEPH BRIGANTI, TFO ATF
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 4(d) on:

Date: <u>May 13 2024</u>

<u>Marian W. Payson</u>
*Judge's signature*

HONORABLE MARIAN W. PAYSON
<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

City and State: <u>Rochester, New York</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

MICKAEL CARLOS-JONATHAN GRANT,

                     Defendant

24-MJ-4071

---

STATE OF NEW YORK  )
COUNTY OF MONROE  )  SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Briganti, being duly sworn, depose and say:

1.      Your affiant is a Police Investigator with the Rochester Police Department and currently assigned as a Task Force Officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) assigned to the New York Field Division, Rochester Field Office.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

1

2.    I have been employed as a Police Investigator since 2011. Prior to being employed as a Police Investigator, I was employed as a Police Officer beginning in 1995 for both the City of Rochester, New York Police Department (RPD) and the Niagara Falls, New York Police.   My duties as a Police Investigator include investigating violations of state and federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence.

3.    Additionally, I have been assigned to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a designated Task Force Officer.   During my tenure with RPD and ATF, I have participated in numerous investigations involving armed individuals who were in violation of federal narcotics laws, including Title 21, United States Code, Section 846, and federal firearms laws including Title 18, United States Code, Sections 922 and 924.

## PURPOSE OF AFFIDAVIT

4.    This affidavit is submitted in support of a criminal complaint charging MICKAEL CARLOS-JONATHAN GRANT with violations of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance), and Title 18, United States Code, Section 924(c)(1) (possession of firearms in furtherance of drug trafficking).

2

5.    As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation.   Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation.   Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that MICKAEL CARLOS-JONATHAN GRANT (hereinafter GRANT) committed the above-mentioned offense.

## PROBABLE CAUSE

6.  On May 12, 2024, at approximately 2:24 a.m., Rochester Police Department officers were dispatched to 1531 North Goodman Street, upstairs apartment, for an in progress domestic dispute.  When officers arrived at the location they spoke with the victim who stated that she had become involved in an argument with her boyfriend, GRANT, while traveling home from a night club.  The victim stated, in summary, that during the argument, GRANT punched her in the face with a closed fist.  The victim then told officers that after GRANT struck her, he then displayed a black handgun and stated, in sum and substance, that he has killed people in the past and he would kill her. The victim then told officers that she utilized her cellular telephone to record a video of GRANT possessing the black handgun while walking from his vehicle to the apartment.  The victim stated that once she and GRANT where back at GRANT's apartment, GRANT continued to hold the gun at his side as the argument continued.

3

She then observed GRANT place the gun on the dresser in his bedroom. When asked by officers, the victim said that she did not live at the location. While officers were speaking with the victim, they observed GRANT exit the residence, at which time the officers placed him in custody. When asked by officers, GRANT said only he and his five-year old son lived at the apartment.

7. Since officers were made aware of a firearm being present during the incident they conducted an officer safety protective sweep of the upstairs apartment to determine if there were any additional individuals/victims present inside the location. During the protective sweep of the apartment officers observed what appeared to be a black handgun, in plain view, on the bed in the bedroom.

8. Once officers determined that the location was safe, Rochester Police Department Investigators obtained a search warrant for 1531 North Goodman Street, upstairs apartment. Officers and Investigators from the City of Rochester Police Department executed the search warrant at 1531 North Goodman Street, upstairs apartment.

9. During a search of the location, law enforcement located a Taurus, model PT111G2, 9mm handgun with a defaced serial number on top of the bed in the Master bedroom. The investigation revealed it was loaded with eight (8) rounds of

4

ammunition. In addition, law enforcement located a Century Arms, model RAS-47, 7.62 caliber rifle, serial number RAS47040705, and a Rossi, model RS-22, 22 caliber rifle, serial number 7CA309657P. Law enforcement found these firearms under the bed in the same bedroom.

10. While continuing to search the master bedroom, law enforcement located a gray bucket on top of the television stand. The bucket contained three (3) sandwich style bags containing a white powdery substance that later tested positive for the presence of Cocaine. The Cocaine weighed approximately sixty-nine (69) grams. Officers also located an electric scale along with numerous small zip lock style bags inside the gray bucket. On top of the same dresser, next to the gray bucket, officers located a pill bottle containing approximately one hundred and forty-five (145) pills which appeared to Oxycodone. Law enforcement continued to search the dresser and located $952.00 in US currency. The currency was located in the drawer directly below where the Cocaine and Oxycodone were located.

11. During the search, law enforcement searched the kitchen and located various documents on the kitchen counter including a Rochester Gas and Electric bill and a T- Mobile bill addressed to Mickael Grant 1531 North Goodman Street. Law enforcement continued to search the location and located a Spectrum cable bill on the stairway to the upstairs apartment. The bill was addressed to "Mickael Grant 1531 N Goodman St Uppr Rochester NY 14609-2158".

5

12. Subsequent to being arrested, GRANT received and waived his <u>Miranda</u> warnings. He spoke with members of law enforcement and stated, in summary, that he and the victim became involved in an argument while at a night club in the city. GRANT stated that he went out to his tuck and was followed by the victim, who entered the passenger side of his truck without his permission. GRANT stated that he told the victim to get out of his truck on several occasions but she refused. GRANT stated that he drove to his house at 1531 North Goodman Street. He said that once they arrived at GRANT's apartment, he told her to go home. GRANT stated that he walked to his apartment and the victim pushed her way into the apartment. GRANT stated that the victim continued to yell at him and then pulled a knife on him. GRANT stated that he recorded the incident on his phone. GRANT then told investigators that he made it clear to the victim several times that 1531 North Goodman Street was his apartment and not hers. GRANT told investigators that the victim did not live at the apartment and that the lease was in his name and not her name. GRANT stated when the police arrived at the house, he looked out his upstairs window at which time officers asked him to come outside. GRANT stated he complied with the officer's request and came outside. Investigators asked GRANT to show them the cellular telephone video he described at which time GRANT invoked his Miranda rights and the interview ended.

13. Based on your affiant's training, education, and experience, the previously detailed items seized are indicative of involvement in the distribution of controlled substances. Further, based on training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and the proceeds from their narcotics sales.

## CONCLUSION

14. Based on the above information, your affiant submits that probable cause exists to believe that GRANT violated Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance), and Title 18, United States Code, Section 924(c)(1) (possession of firearms in furtherance of drug trafficking).

INVESTIGATOR JOSEPH BRIGANTI
Bureau of Alcohol, Tobacco, Firearms and
Explosives/Rochester Police Department

Affidavit and Criminal Complaint Submitted
electronically by email in .pdf format. Oath
administered, and contents and signature, attested
to me as true and accurate telephonically pursuant
to Fed.R.Crim.P. 4.1 and 4(d) on
May __13__, 2024.

HON. MARIAN W. PAYSON
United States Magistrate Judge

7